[Docket No. 2]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CHRISTOPHINA TAGOE,

    Petitioner,

  v.

USCIS DISTRICT DIRECTOR,

    Respondent.

Civil No. 23-1875 (RMB)

**MEMORANDUM ORDER**

    **THIS MATTER** comes before the Court upon the Notice of Call for Dismissal issued on July 26, 2023 pursuant to Federal Rule of Civil Procedure 4(m) as a result of Petitioner's failure to accomplish service of process within 90 days of the filing of the Complaint. [Docket No. 6.] On August 11, 2023, Mustafa Cetin, Esq., local counsel for Petitioner in this matter ("**Local Counsel**"), untimely filed a Response claiming good cause exists for the delay. [Docket No. 7.] In that filing, Local Counsel claims that service of process was not accomplished within the time allowed because the Court had not granted Petitioner's pending motion for *pro hac vice* admission of Victor Essien, Esq. [Docket No. 2] and because Mr. Essien had not realized that the Summons was issued on the docket, as he lacked "complete access to the Court's records." [*Id.* ¶ 7.] Local Counsel asserts that, "[a]fter the [C]omplaint was filed, it was [Mr. Essien's] responsibility to monitor this case and the Motion using the Pacer

website." [*Id.* ¶ 6.] On this basis, Petitioner requests an extension of time to serve Respondent with the Summons and Complaint. [*Id.* ¶ 9.]

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Courts typically engage in a two-step inquiry when determining whether to extend the time to accomplish service. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). First, a court considers whether good cause exists for the failure to effect timely service. If so, the extension must be granted. *Id.* If good cause does not exist, then the court considers whether a discretionary extension is nonetheless warranted. *Id.* (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995)).

The primary focus of the first inquiry is "the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomms.*, 71 F.3d at 1097. Similar to the concept of "excusable neglect," the required showing for "good cause" is a demonstration of "good faith" and "some reasonable basis for noncompliance." *Id.* (citing *Petrucelli*, 46 F.3d at 1312). Other courts have focused on whether the plaintiff exercised reasonable diligence in attempting to effect service. *See, e.g.*, *Himmelreich v. United States*, 285 F. App'x 5, 7 (3d Cir. 2008) (noting *pro se* plaintiff's

2

multiple and prompt actions to attempt service, notwithstanding errors outside of his control). It is well-established that an attorney's inadvertence or neglect does not constitute good cause excusing failure to timely accomplish service. *Petrucelli*, 46 F.3d at 1307 (explaining that "inadvertence," "half-hearted efforts" of counsel, and misplaced reliance on others will not constitute good cause); *see also Momah v. Albert Einstein Med. Ctr.*, 158 F.R.D. 66, 69 (E.D. Pa. 1994) (finding no good cause for untimely service of process where delay was caused by "lack of diligence" and "professional neglect").

The thrust of the second inquiry—whether an extension is warranted in the absence of good cause—is essentially equity. When relevant, courts consider a variety of factors that may warrant an extension of time for service. *See Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) ("A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, ***in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint***.") (emphasis added).

Here, having considered the assertions contained in Petitioner's Response, [Docket No. 7 ¶¶ 1–9], the Court finds that good cause ***does not*** excuse the failure to accomplish service within the time allowed. Local Counsel was not relieved of his fundamental duty to prosecute this action in coordination with co-counsel when he filed the Complaint and pending *pro hac vice* motion on April 3, 2023. [Docket Nos. 1,

2.] That duty includes, at a minimum, monitoring the docket, conferring with co-counsel, and ensuring that this action proceeds expeditiously in compliance with applicable federal and local rules. By failing to take any action to timely effect service after initiating this case, Local Counsel, in essence, abdicated his obligations to his co-counsel—who was not even admitted to practice before this Court. Such professional neglect hardly establishes good cause. *See Petrucelli*, 46 F.3d at 1307; *Momah*, 158 F.R.D. at 69.

Moreover, Local Counsel seems to suggest that the Court bears some responsibility for *his* failure to accomplish service because the Court had not yet addressed his pending *pro hac vice* motion at the time this matter had been pending for more than 90 days. [Docket No. 7 ¶ 7.] This is hardly a reason excusing the delay, as Petitioner is ultimately responsible for accomplishing service of process. *See* FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint. ***The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)*** and must furnish the necessary copies to the person who makes service.") (emphasis added). Her counsel—including her local attorney of record—thus bear responsibility in connection with their representation of Petitioner. Accordingly, the Court concludes that good cause justifying a mandatory extension of time to effect service is not warranted. *See Boley*, 123 F.3d at 758; FED. R. CIV. P. 4(m).

Notwithstanding the foregoing, the Court will nonetheless grant a discretionary extension of time for Petitioner to serve Respondent with the Summons and

4

Complaint.  In these circumstances, dismissal of this case would be a drastic action that would only serve to delay this matter further.  Moreover, the Third Circuit has repeatedly announced its preference that cases be decided on the merits whenever feasible.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).  Therefore, the Court concludes that Petitioner has at least demonstrated why the Court should exercise its discretion to extend the time to effect service.  *See Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x at 116; *Boley*, 123 F.3d at 758; FED. R. CIV. P. 4(m).  Accordingly,

**IT IS**, on this **16th** day of **August 2023**, hereby:

1. **ORDERED** that the Notice of Call for Dismissal [Docket No. 6] is **DISCHARGED**, coupled with the Court's stern admonition of Local Counsel to exercise reasonable and professional diligence in connection with his representation of Petitioner in this matter; and it is further

2. **ORDERED** that Petitioner shall effect service of the Summons and Complaint within thirty (30) days of the date of this Order, or this action will be dismissed pursuant to Federal Rule of Civil Procedure 4(m); and it is further

3. **ORDERED** that the motion for *pro hac vice* admission of Victor Essien, Esq. [Docket No. 2] is **GRANTED**; and it is further

4. **ORDERED** that Victor Essien, Esq., a member in good standing of the Bar of the State of New York, be permitted to appear on a *pro hac vice* basis in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

5

5. **ORDERED** that all pleadings, briefs, and other papers filed with the Court shall be signed by a member of the Law Office of Mustafa Cetin, attorney of record for Petitioner, who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and the attorney admitted pursuant to this Order; and it is further

6. **ORDERED** that Victor Essien, Esq., shall promptly pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a); and it is further

7. **ORDERED** that Victor Essien, Esq., shall promptly make payment of $150.00 to the Clerk of the United States District Court in accordance with Local Civil Rule 101.1(c)(3), as amended; and it is further

8. **ORDERED** that Victor Essien, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to, the provisions of Local Civil Rule 103.1, *Judicial Ethics and Professional Responsibility*, and Local Civil Rule 104.1, *Discipline of Attorneys*; and it is further

9. **ORDERED** that Victor Essien, Esq., shall notify this Court immediately of any disciplinary charges brought against him in the Bar of any other court; and it is further

10. **ORDERED** that Victor Essien, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is finally

11. **ORDERED** that Local Counsel may file a request with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter, the form of which is available at the Court's website.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
